United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

METROPCS CALIFORNIA, LLC,

Plaintiff,

v.

MICHAEL PICKER, *et al.*,

Defendants.

Case No. 17-cv-05959-SI

**ORDER RE: SUPPLEMENTAL BRIEFING**

The parties' cross-motions for summary judgment have been submitted to the Court. MetroPCS contends, *inter alia*, that the CPUC's adoption of a mandatory intrastate allocation factor conflicts with federal law because the FCC has expressly permitted wireless carriers to rely on traffic studies and individualized revenue allocations for purposes of determining their contributions to the federal Universal Service Fund ("USF"). MetroPCS relies on several FCC orders, including the *Universal Service Contribution Methodology Order*, 21 FCC Rcd. 7518 (2006) ("*Interim Contribution Methodology Order*"), the *Policy and Rules Concerning Interstate, Interexchange Marketplace*, 16 FCC Rcd. 7418 (2001) ("*Bundling Order*"). MetroPCS argues that these orders establish that when wireless carriers allocate the portions of their revenues that are attributable to interstate and international services vs. intrastate services to determine federal USF contributions, carriers may choose whether to use (1) their actual revenue allocations, (2) traffic studies, or (3) a "safe harbor" that is a set percentage set by the FCC.

Citing another FCC order, *In the Matter of Universal Service Contribution Methodology*, 25 FCC Fcd. 15651 (2010), MetroPCS contends that the CPUC's intrastate allocation factor violates federal law because the CPUC has imposed a "one-size-fits-all" methodology that does not allow carriers to rely on their actual revenue allocations or traffic studies for purposes of

contributing to California's Universal Service Fund. In that order, the FCC stated,

> We further conclude that state universal service contribution requirements do not conflict with federal rules to the extent that states calculate the amount of their universal service assessments in a manner that is consistent with the rules adopted in the *Interim Contribution Methodology Order*. Under the Commission's rules, an interconnected VoIP provider contributes to the federal fund on the basis of its revenues from interstate and international traffic; revenues from intrastate traffic are excluded. As described above, the Commission's rules give providers three options by which they can establish their federal universal service revenue base: (1) use a safe harbor under which 64.9 percent of their revenues are deemed to be jurisdictionally interstate (and therefore not intrastate); (2) conduct a traffic study to allocate revenues by jurisdiction; or (3) develop a means of accurately classifying interconnected VoIP communications between federal and state jurisdictions. Therefore, to avoid a conflict with the Commission's rules, a state imposing universal service contribution obligations on interconnected VoIP providers must allow those providers to treat as intrastate for state universal service purposes the same revenues that they treat at intrastate under the Commission's universal service contribution rules. This will ensure that state contribution requirements will not be imposed on the same revenue on which an interconnected VoIP provider is basing its calculation of federal contributions. To the extent a state fails to comply with this limitation in the future, it may be subject to preemption consistent with the prospective Declaratory Ruling we issue today.

25 FCC Fcd. at 15658 ¶ 17 (internal footnotes omitted).

The CPUC distinguishes this order on the ground that the FCC was addressing VoIP technology, not wireless. *See* CPUC's Motion at 29 (Dkt. No. 73). However, the CPUC does not explain why this difference is meaningful in light of the fact that both VoIP and wireless carriers provide interstate/international and intrastate service, and the FCC was addressing the question of how a state could impose universal service contributions without violating federal law. The Court is inclined to agree with MetroPCS that the usage of a mandatory intrastate allocation factor conflicts with federal law for the reasons stated in the FCC order quoted above.

MetroPCS contends that the Court need not find the Prepaid Collection Act unconstitutional, and that the Court should only enjoin the CPUC's Resolutions implementing the intrastate allocation factor. MetroPCS asserts that the CPUC could still impose a uniform Surcharge rate that is expressed as a percentage of the sales price (the base Surcharge rate) and carriers would then rely on their FCC-approved methodologies (effectively, an individualized intrastate allocation factor) to assess that uniform rate on only their intrastate telecommunications service revenues. *See* MetroPCS's Reply at 28 (Dkt. No. 77).

The CPUC contends that if the Court concludes that the intrastate allocation factor is

United States District Court
Northern District of California

preempted, the Court must declare the Prepaid Collection Act unconstitutional. However, the CPUC's initial resolution implementing the Act did not adopt the mandatory intrastate allocation factor, and allowed carriers to report prepaid wireless intrastate revenue subject to the Surcharge and then remit the fees.

The Court directs further briefing on whether, in the event the Court finds that the mandatory intrastate allocation factor conflicts with federal law, the Court could enjoin the further implementation of a system using such a mandatory factor without declaring the Prepaid Collection Act unconstitutional (as suggested by MetroPCS). If the parties do not have anything to add on this matter beyond what is stated in the summary judgment papers, the parties may state so. The parties shall also inform the Court of the CPUC's tentative schedule for releasing the draft and final versions of the next resolution implementing the Prepaid Act. Finally, if the CPUC takes the position that it is impossible to enjoin the usage of a mandatory intrastate allocation factor without declaring the Prepaid Collection Act unconstitutional, the CPUC shall state its view of what relief the Court should grant if the Court agrees with MetroPCS that the mandatory intrastate allocation factor is preempted by federal law.

The parties shall submit the supplemental briefs no later than October 5, 2018.

**IT IS SO ORDERED.**

Dated: September 18, 2018

Susan Illston

SUSAN ILLSTON
United States District Judge