CHRISTINE J. HAMMOND (SBN 206768)
JONATHAN C. KOLTZ (SBN 268793)
ENRIQUE GALLARDO (SBN 191670)
DAVID W. FERMINO (SBN 154131)
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
Telephone: (415) 703-1420
Facsimile: (415) 703-2262
Email: Enrique.gallardo@cpuc.ca.gov

*Attorneys for Defendants Alice Busching Reynolds,
Genevieve Shiroma, Darcie Houck, John Reynolds and,
Karen Douglas in their official capacities as
Commissioners of the Public Utilities
Commission of the State of California*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| METROPCS CALIFORNIA, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MARYBEL BATJER, et al.,<br><br>    Defendants. | Case No.: 3:17-cv-05959-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S PAPERS**<br><br>FRCP 6(b)(1)(B), 37(c)(1)<br>N.D. Cal. L. Rules 7-2 and 7-3<br><br>Date: April 27, 2023 Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor<br><br>Before the Honorable James Donato<br><br>Complaint Filed: Oct. 17, 2017<br><br>Second Am. Complaint Filed: Jan. 19, 2018 |

# TABLE OF CONTENTS

                                                               **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

Introduction ........................................................................................................................... 1

I.    MetroPCS Violated Rule 26 by Failing to Disclose Documents the CPUC Specifically Sought in Discovery and Documents Fundamental to Its Case .......................................... 2

II.   A Court Must Exclude Improperly Disclosed Evidence if There Is Prejudice or Harm to a Party ............................................................................................................................. 4

    A.  MetroPCS Has Failed to Prove that the Rule 26 Violations Were Harmless. ................. 5

    B.  MetroPCS Demonstrated Bad Faith and Willfulness in Concealing all Discussion of the "Expected Cost Plus a Margin" Methodology from the CPUC and the Court During the Previous Summary Judgment Proceeding... .................................................. 6

III.  The Court Should Not Allow MetroPCS a Second or Third Opportunity to Disclose Evidence. ............................................................................................................................. 8

IV.  The Court Should Not Allow MetroPCS to Conduct Litigation by Surprise ...................... 9

V.   The Court Cannot Provide an Alternative Remedy to Exclusion, Even if It Would Result in Dismissal of MetroPCS' Claims, as MetroPCS Did Not File a Formal Motion Seeking such Remedy. ....................................................................................... 11

VI.  MetroPCS Completely Ignores Its Responsibilities to Litigate Its Case Efficiently and Conserve Judicial Resources. ..................................................................................... 11

Conclusion .......................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cabrera v. Google LLC,* 842 F. App'x 38 (9th Cir. 2021) .......................................................... 3

*Caisse Nationale de Credit Agricole v. CBI Indus.,* 90 F.3d 1264 (7th Cir. 1996) ..................... 12

*Hoffman v. Tonnemacher,* 593 F.3d 908 (9th Cir. 2010) ............................................................ 8, 9

*Jackson Family Wines, Inc. v. Diageo N. Am., Inc.,* Case No. 11-5639 EMC (JSC)
    2014 U.S. Dist. LEXIS 3389, 2014 WL 104902 (N.D. Cal. Jan. 9, 2014) ................ 10, 11

*Liberty Ins. Corp. v. Brodeur,* 41 F.4th 1185 (9th Cir. 2022) .................................................. 4, 5, 6

*Merchant v. Corizon Health, Inc.,* 993 F.3d 733 (9th Cir. 2021) ................................................. 11

*MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106 (9th Cir. 2020) ........................................... 2, 3, 5

*Ollier v. Sweetwater Union High Sch. Dist.,* 768 F.3d 843 (9th Cir. 2014) ............................... 10

*R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240 (9th Cir. 2012) ............................................... 11

*Symbion Rsch. Int'l, Inc. v. Lewis,* No. 2:05-cv-01324-RLH-GWF,
    2007 WL 9734211 (D. Nev. Dec. 21, 2007) ................................................................ 9, 10

*Vanderberg v. Petco Animal Supplies Stores, Inc.,* 906 F.3d 698 (8th Cir. 2018) ...................... 11

*Willis v. Koning & Assocs.,* No. 21-cv-00819-BLF,
    2023 WL 2541327 (N.D. Cal. Mar. 15, 2023) ................................................................ 12

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101 (9th Cir. 2001) ......................... 4, 5

# TABLE OF AUTHORITIES

Page(s)

**Federal Rules**

Federal Rule of Civil Procedure 26(a) ................................................................................ 1

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) ............................................................. 1, 10

Federal Rule of Civil Procedure 26(e) ................................................................................ 1

Federal Rule of Civil Procedure 26(e)(1)(A) .................................................................. 3, 4

Federal Rule of Civil Procedure 37(c)(1) ........................................................ 4, 5, 8, 11, 12

Federal Rule of Civil Procedure 56(c)(2) ......................................................................... 12

**Local Civil Rules**

Local Civil Rule 7-3(a), (c) and (d) ................................................................................. 12

# Introduction

Defendants Alice Busching Reynolds, Genevieve Shiroma, Darcie Houck, John Reynolds and, Karen Douglas, in their official capacities as Commissioners of the California Public Utilities Commission (collectively, "Defendants" or the "CPUC") file this reply brief in support of its Motion to Strike Plaintiff's Papers [Dkt 204] ("Motion to Strike").

Plaintiff MetroPCS California, LLC ("MetroPCS") makes many irrelevant arguments in its Opposition to Defendants' Motion to Strike [Dkt. 207] ("Plt. Opposition"). Rather than correct these confusing and irrelevant claims, the CPUC lists the relevant facts *that MetroPCS admits in its Opposition* that it improperly withheld from the CPUC:

1) Pursuant to Federal Rule of Civil Procedure (FRCP) 26(a) and (e), MetroPCS had an obligation to provide and supplement documents described as "relevant policies and methodology for allocating revenue for its prepaid wireless service plans." Plt. Opposition at 7:1-3. The CPUC specifically requested a copy of these documents in a Request for Documents served on January 19, 2018. *Id*. at 2:7-9; *see also* Gallardo Declaration, Exh. A [Dkt. 204-2].

2) Also pursuant to FRCP 26(a) and (e), MetroPCS had an obligation to provide[1] and supplement documents "the disclosing party may use to support its claims or defenses." Plt. Opposition at 4:11-13.

3) On February 19, 2021, the CPUC moved for summary judgment [Dkt 123], arguing that MetroPCS' revenue allocation methodology was not reasonable, and that MetroPCS had failed to provide financial and customer records describing the total revenue of its California operations, to support its revenue claims. *Id*. at 2:25-3-1, 10:6-10. MetroPCS subsequently filed an opposition/reply Brief [Dkt. 128], a sur-reply brief [Dkt. 137], and a supplemental brief [Dkt. 150].

4) Most of the evidence MetroPCS files in support of this third motion for summary judgement was not disclosed to the CPUC until January 2022 at the earliest, *after* the CPUC moved for summary judgment based on the above arguments, and after the District Court ruled on the summary judgment. Plt. Opposition at 9:4-12, 12:13-14, 13:12-20.

---

[1] MetroPCS argues that the mere identification of "relevant policies and methodology for allocating revenue for its prepaid wireless service plans" in its initial disclosures fulfilled the Rule 26(a)(1)(A)(ii) obligation to at least describe documents. Plt. Opposition at 7:8-10. However, MetroPCS did not provide these documents in response to the CPUC's specific request for production of these documents, in violation of Rule 26.

Thus, MetroPCS admits that it failed to disclose documents that the CPUC explicitly sought in discovery, and that were at the heart of this case, in violation of Rule 26. In its brief, MetroPCS discusses the timeline of its disclosure of documents to the CPUC in a haphazard and unhelpful manner. However, the chart included in the Declaration of Peter Karanjia is accurate. [Dkt. 207-1] ("Karanjia Decl.") at ¶ 7.

Thus, as attested by Mr. Karanjia, of the 29 exhibits attached to the Third Barnes Declaration [Dkt. 201-1], only 8 were disclosed to the CPUC before January 2022, after the District Court ruled on the second summary judgment motions. *Id*. MetroPCS only filed 6 of these exhibits with the Court before March 21, 2023. *Id*.

Because MetroPCS failed to comply with its discovery obligations, its newly-filed evidence should be stricken. The Court should grant the CPUC's motion.

## I. MetroPCS Violated Rule 26 by Failing to Disclose Documents the CPUC Specifically Sought in Discovery and Documents Fundamental to Its Case.

MetroPCS claims it fully complied with its disclosure obligations under Rule 26 because, it asserts, it has provided evidence showing that its accounting methodologies were reasonable, which is all the evidence that is required to support its preemption claim. Plt. Opposition [Dkt. 207] at 6:24-27 ("MetroPCS can meet [its] burden by focusing on the revenue allocations for its individual wireless plans (i.e., the percentages of revenues for each plan assigned to Data, Text, and intrastate Voice service) and comparing those percentages with the CPUC's intrastate factor percentages."). MetroPCS is wrong about what it must prove, and thus wrong about what evidence is required. As the Ninth Circuit made clear, what it must prove is actual double assessment on its revenues. *MetroPCS v. Picker*, 970 F.3d 1106, 1126 (9th Cir. 2020). If comparing percentages was insufficient to prevail on a facial preemption claim, it is even more so for a fact-specific as-applied preemption inquiry. Thus, MetroPCS violated Rule 26, by (1) failing to provide "relevant policies and methodology for allocating revenue for its prepaid wireless service plans" in response to a discovery request; and by (2) failing to provide documents "the disclosing party may use to support its claims or defenses."

MetroPCS cites *Cabrera v. Google LLC*, 842 F. App'x 38, 40 (9th Cir. 2021), for the proposition that Rule 26 does not require a party to anticipate and produce evidence to defeat claims and defenses that the party has not yet asserted. Plt. Opposition at 4:21-23, 7:19-20. First, this argument does not apply to its failure to provide and supplement documents *specifically sought in discovery*. Every descriptive document MetroPCS now seeks to introduce describes "relevant policies and methodology for allocating revenue for its prepaid wireless service plans," no matter what MetroPCS' legal theories were. Gallardo Declaration, Exh. A [Dkt. 204-2], Section III.1. After all, why would MetroPCS seek to introduce them now, if not to describe its revenue allocation methodologies? To the extent the CPUC asked for the documents, it is of no moment that MetroPCS did not, at the time, think them relevant to one of its claims. Most of the exhibits attached to the Third Barnes Declaration fall in this category of Rule 26 violation.[2]

Second, for the few documents that MetroPCS now claims were not responsive to the CPUC's specific discovery request (non-descriptive documents, i.e., consisting of only raw data,[3] as well as purported Florida and Texas audit documents[4]), Rule 26(e)(1)(A) clearly requires a party to supplement disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ." By the time of the Second Summary Judgment, in February 2021, MetroPCS must have realized it would need to supplement its disclosures: the CPUC argued that MetroPCS revenue allocation methodology was not reasonable and was not substantiated with any financial,

---

[2] Exhibits E, F, G, H, I, J, K, L, M, N, O, S, W, X, Y, Z, AA to the Third Barnes Declaration describe MetroPCS' "relevant policies and methodology for allocating revenue for its prepaid wireless service plans;" and thus were responsive to the CPUC's discovery request. These documents describe methodologies purportedly in place in 2018; thus they should have been disclosed well ahead of the 2020-21 Second Summary Judgment.

[3] Exhibits T, BB and CC to the Third Barnes Declaration are in this category of documents. The documents purportedly contains data applicable in 2018; thus they should have been disclosed well ahead of the 2020-21 Second Summary Judgment

[4] Exhibits P, Q and R to the Third Barnes Declaration are in this category of document. These documents date to 2017, well before the Second Summary Judgment.

customer, or revenue records applicable to the company's California operations. [Dkt. 123] ("Def. 2nd MSJ") at 17:22-21:6, 23:9-24; 24:5-10. These documents were fundamental to those arguments. Still, MetroPCS did not disclose their existence, even as it filed an opposition to the CPUC's motion for summary judgment *and* two additional briefs. [Dkt. 128, 137, 150].

MetroPCS's was plainly required to disclose these documents much earlier than it did, and its failure to do so hampered the CPUC's preparation and litigation of its Second Motion for Summary Judgment. MetroPCS has no excuse for that failure.

## II. A Court Must Exclude Improperly Disclosed Evidence if There Is Prejudice or Harm to a Party.

Rule 37(c)(1) is clear and mandatory: improperly disclosed evidence may not be used "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." When Rule 37(c)(1) was enacted, the Ninth Circuit found the new rule to strongly favor the exclusion of untimely evidence: "The new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule. The Advisory Committee Notes describe it as a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd., v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citations and quotation marks omitted). The fact that a party may not have acted willfully or in bad faith does not by itself render their late disclosure substantially justified. *Id.* at 1106.

Acknowledging that it violated Rule 26, the first trigger requiring exclusion, MetroPCS cites *Liberty Insurance Corporation v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022), which identifies several factors in determining whether a violation is "substantially justified or harmless," which is the second trigger for exclusion: "including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Plt. Opposition at 4:26-5:2. As demonstrated below, MetroPCS has failed to show that its violation is excusable.

### A. MetroPCS Has Failed to Prove that the Rule 26 Violations were Harmless.

When a violation of Rule 26 occurs, "[i]mplicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1107. MetroPCS makes no effort to excuse its failure to disclose evidence explicitly sought by the CPUC. These documents describe MetroPCS' revenue allocation methodology and could substantiate or disprove MetroPCS' claims that its non-telecommunications revenues were impermissibly surcharged by the CPUC.

MetroPCS admits that its complaints, originally filed in 2017 and 2018, alleged as-applied preemption. Plt. Opposition at 1:21-25. Thus, it was MetroPCS who put at issue its formula for determining what it owed to the CPUC in state universal service surcharges for years 2017 and 2018. It knew or should have known that documents and data regarding its revenue allocation methodology were fundamental to those as-applied claims, and that its failure to disclose such documents would prejudice the CPUC's defense. Even if MetroPCS claims ignorance, in August 2020 the Ninth Circuit clearly placed these documents at the heart of this Court's factual inquiry into the as-applied claims. *MetroPCS Cal., LLC*, 970 F.3d at 1126.

And even if MetroPCS ignored the Ninth Circuit's guidance, in February 2021 the CPUC placed these documents at the center of its arguments on summary judgment: that MetroPCS's revenue allocation methodology was unreasonable and unsubstantiated by financial, customer, or revenue records applicable to the company's California operations. Def. 2nd MSJ at 17:22-21:6, 23:9-24; 24:5-10. The harm to the CPUC is clear: MetroPCS denied the CPUC the evidence that was at the heart of the CPUC's arguments during the Second Summary Judgment proceeding.

This had a consequence: this Court denied the CPUC's motion, noting that although the CPUC had "raised various criticisms of MetroPCS's methodology and argue[d] that MetroPCS's revenue allocation [was] not reasonable," the Court had "reviewed the voluminous evidence in the record and [could not] determine on summary judgment that the

manner in which MetroPCS has allocated its bundled revenue is reasonable as a matter of law . . ." [Dkt. 152] ("Second Summ. Judg. Order") at 8:16-22. However, had the CPUC been able to use these records, it would have been better able to show that MetroPCS' revenue allocation methodology was not reasonable and was not properly substantiated with financial, customer, or revenue records applicable to the company's California operations.

MetroPCS downplays its disclosure failures as "harmless." Plt. Opposition at 8. These failures were prejudicial to the CPUC because for the past five years MetroPCS has been the gatekeeper of evidence in violation of discovery and court rules – evidence that this Court determined was necessary to prove MetroPCS's as-applied claim. Accordingly, MetroPCS unfairly and prejudicially limited the CPUC's defense throughout this litigation.

### B. MetroPCS Demonstrated Bad Faith and Willfulness in Concealing all Discussion of the "Expected Cost Plus a Margin" Methodology from the CPUC and the Court During the Previous Summary Judgment Proceeding.

One of the factors in determining whether a party's Rule 26 violation was harmless or justified is "bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp.*, 41 F.4th at 1192. The record strongly suggests that MetroPCS concealed from both the CPUC and the Court evidence of a revenue allocation methodology that it now claims covered a significant part of 2018. Motion to Strike at 3:7-24. This in turn strongly suggests that MetroPCS's failure to disclose was, at a minimum, willful.

Filed on November 24, 2020, the Second Barnes Declaration discussed MetroPCS' revenue allocation methodology in 2017 and 2018 for 17 pages, all of them devoted to extensively describing the "building block" methodology. Second Barnes Declaration [Dkt, 112-24] at ¶¶ 9-38. That declaration never mentioned something called the "Expected Cost Plus a Margin" methodology.

In response to the CPUC's arguments that MetroPCS' revenue allocation methodology was not reasonable and was not substantiated with revenue records, MetroPCS filed an opposition/reply brief ("Plt. Reply Br."), which devoted 18 pages to support the "building block" methodology [Dkt. 128 at 5:17-23:6] and the Reply Declaration of John Barnes

("Barnes Reply Decl."), which again extensively described the building block methodology for 28 pages [Dkt. 127-4] at ¶¶ 2-66]. Neither MetroPCS nor Mr. Barnes made any reference to the "Expected Cost Plus a Margin" methodology in these documents.

In fact, both MetroPCS and Mr. Barnes stated that MetroPCS' methodology was *unchanged* between 2017 and 2018:

1) "The CPUC did not conduct an audit for the second year at issue in this litigation (2018), but MetroPCS *has followed the same revenue-allocation methodology for both years* and has explained in detail how it complied with both ASC 605 and ASC 606, as well as the CPUC and FCC [methodologies]" Plt. Reply Br. at page 12, n.7; Barnes Reply Decl. at ¶ 38, n.8.
2) "For 2018, MetroPCS continued to rely on the BVC methodology (including ASC 606), as described in the BVC Process Description." [Dkt. 150] ("Plt. Supp. Br.") at page 12, n. 15, citing First Barnes Decl., Ex. 1 at 3; Second Barnes Decl. 13, 29 & Ex. B.

The quote from MetroPCS' supplemental brief is telling. Metro explicitly states that in 2018 it continued to rely on the methodology described in the "BVC Process Description," which is also known as the "March 2018 Memo." This document discusses only the building block methodology; it does not mention an "Expected Cost Plus a Margin" methodology at all.

To argue that it did disclose the existence of the "Expected Cost Plus a Margin" methodology, MetroPCS now points to a single sentence in the Declaration: "[C]onsistent with the new financial accounting standard on the reporting of revenue under GAAP (ASC 606), MetroPCS adjusted its revenue-allocations for several of its prepaid plans in September 2018 to reflect new marketplace data demonstrating the growing consumer demand for, and value of, broadband service." Plt. Opposition at 11:14-17, citing [Dkt. 112-24] ("Second Barnes Decl."), at ¶ 30. Not only is this single sentence too vague to put either the CPUC or the Court on notice that this adjustment differed in some material way from the building block methodology, the reliance that MetroPCS now places on it directly contradicts its prior statements. Either the methodology remained the same or it didn't, but it can't be both.

As demonstrated above, throughout its 2021 summary judgment filings, MetroPCS stated several times that it used the same methodology in 2017 and 2018. MetroPCS now

claims that it used the new methodology for the latter months of 2018. That MetroPCS failed to disclose the existence of that new methodology until now was either careless in the extreme or willful—and MetroPCS is not a careless litigant.

In sum, MetroPCS cannot show that its violations of Rule 26 were substantially justified or harmless. Rule 37(c)(1) is clear and mandatory: the Court must exclude all of the evidence now presented in violation of Rule 26.

### III. The Court Should Not Allow MetroPCS a Second or Third Opportunity to Disclose Evidence.

MetroPCS claims that its changing legal theories regarding its as-applied preemption claim somehow justify its violations of Rule 26. Plt. Opposition at 10:5-9. It states that it "had no reason" to disclose evidence of its revenue allocation methodology because the "CPUC had not challenged the validity or reasonableness of MetroPCS's methodology and had not articulated a theory of as-applied preemption based on "total revenues" data and financial documents . . . ." Plt. Opposition at 10:6-8. However, the CPUC challenged MetroPCS's methodology in its Second Motion for Summary Judgment more than two years ago. Def. 2nd MSJ at 17:22-21:6, 23:9-24; 24:5-10. MetroPCS filed three briefs in response. [Dkt. 128, 137, 150]. Thus, MetroPCS had every reason – and a Rule 26 obligation – to submit evidence in opposition to the CPUC's arguments; it simply failed to do so.

MetroPCS now claims that "a party may (and is expected to) submit different evidence in successive motions for summary judgment. Indeed, 'a successive motion for summary judgment is particularly appropriate on an expanded factual record.'" *Id*. at 9:22-24, quoting *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). MetroPCS misstates the holding of that case, however. In *Hoffman*, the expanded factual record was due to a mistrial, after which the district court modified the pretrial order to allow a new expert witness. *Id*. at 910, 912. *Hoffman* does not say, as MetroPCS would have it, that any time there is a successive summary judgment proceeding, an expanded factual record should be allowed. It holds the inverse: where circumstances have presented an expanded factual record, a successive summary judgment motion may be appropriate. *Id*. at 912.

DEFENDANTS' REPLY ISO MOTION TO STRIKE
3:17-cv-05959-JD
8

1  MetroPCS seems to argue that a party may contrive to create an "expanded factual
record" by failing to disclose relevant evidence during one summary judgment proceeding and
then disclosing that evidence on a subsequent summary judgment proceeding.  There is no
authority to support such a rule; it flies in the face of judicial efficiency; and, at the March 2,
2023 Case Management Conference, this Court made clear that, in its re-consideration of this
case for summary judgment, the Court would allow no additional evidence. March 2, 2023
CMC Tr. at 16:25-17:3, 17:8-12.

This case has gone on long enough; MetroPCS has had ample opportunity to introduce
this evidence.  It should not be allowed to sandbag its way to another motion; another hearing;
another year of litigation.  The Court should not allow MetroPCS to introduce this evidence at
this late date.

### IV. The Court Should Not Allow MetroPCS to Conduct Litigation by Surprise.

MetroPCS argues that the CPUC's failure to file a motion to compel disclosure of
documents precludes exclusion pursuant to Rule 37(c)(1).  Plt. Opposition at 8:3-5.  To
mitigate, perhaps, the lack of any support for this argument in the plain language of Rule 37,
MetroPCS cites *Symbion Research International, Incorporated v. Lewis*, No.: 2:05-cv-01324-
RLH-GWF, 2007 WL 9734211, at *18 (D. Nev. Dec. 21, 2007).  However, that case did not
hold that a motion to compel is a prerequisite for exclusion pursuant to Rule 37(c)(1).  In
*Symbion Research*, one of the defendants moved to strike documents that the plaintiff
pharmaceutical company, Symbion, had not previously disclosed.  *Symbion Rsch.*, 2007 WL
9734211, at *17-18.  Symbion conceded that it had declined to produce copies because of the
sensitivity of the documents, but it was undisputed that Symbion had informed the defendant of
their existence and had offered to make them available for an attorneys'-eyes-only inspection.
*Id.*  In that case, therefore, it was the party that sought to *strike* the documents that was
sandbagging: the defendant "knew of the existence of the documents but did not bring a motion
to compel their disclosure." *Id*. at *18.

MetroPCS asserts that a vague reference to "relevant policies and methodology for allocating revenue for its prepaid wireless service plans" in its initial disclosures fulfilled its Rule 26(a)(1)(A)(ii) obligation to describe documents by category and location—and that, because the CPUC never moved to compel production, MetroPCS is now free to introduce any document that might conceivably fit that description. Plt. Opposition at 7:8-10, 7:24-25. However, as MetroPCS admits, the CPUC then specifically requested a copy of these documents in a Request for Documents, served on January 19, 2018. *Id*. at 2:7-9; *see also* Gallardo Declaration, Exh. A [Dkt. 204-2]. MetroPCS' response to the CPUC's Request for Documents was only: "Subject to and without waiver of the General Objections set forth above, MetroPCS will produce non-privileged documents found in its possession after a reasonably diligent search that are responsive to this request." MetroPCS' Responses to Defendants First Set of Requests for Documents, served on February 20, 2018, Request No. 1, Exh. A to the Reply Declaration of Enrique Gallardo in Support of Motion to Strike. MetroPCS does not claim that it ever identified specific documents by category or location to the CPUC, or that it made these specific documents available for inspection, or that it communicated any other obstacle to receiving these documents. *Id*., ¶ 4,

Disclosure requirements are designed to "encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist*., 768 F.3d 843, 862 (9th Cir. 2014). Since MetroPCS purportedly produced all the documents responsive to the CPUC's first request for documents and never specified any documents that it did not provide, the CPUC did not "know of the existence of the documents" and had no obligation to bring a motion to compel. *See Jackson Family Wines, Inc. v. Diageo N. Am., Inc*., No. 11-5639 EMC (JSC), 2014 WL 104902, at *2 (N.D. Cal. Jan. 9, 2014) (excluding evidence under Rule 26 where "Plaintiffs argue[d] that the three photos produced prior to the close of fact discovery somehow put Defendants on notice that dozens of more photos would follow almost six months later"). The CPUC cannot read MetroPCS's mind, and could not reasonably anticipate that it should move to compel MetroPCS to produce documents whose existence MetroPCS never acknowledged.

## V. The Court Cannot Provide an Alternative Remedy to Exclusion, Even if It Would Result in Dismissal of MetroPCS' Claims, as MetroPCS Did Not File a Formal Motion Seeking such Remedy.

MetroPCS claims that if it had violated Rule 26, "the appropriate remedy would be to allow the CPUC limited additional time to conduct further discovery." Plt. Opposition at 13:24-25, citing Fed. R. Civ. P. 56(d)(2), (e)(1). However, as the Ninth Circuit noted, "Rule 37(c)(1) authorizes district courts to impose a lesser sanction" rather than exclusion, but only "on motion and after giving an opportunity to be heard." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021), quoting Rule 37(c)(1). The Ninth Circuit clarified that a party subject to Rule 37(c)(1) sanctions "must 'avail himself of the opportunity to seek a lesser sanction' by *formally* requesting one from the district court." *Id.*, quoting *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018) (emphasis added). MetroPCS has not done so here.

To avoid the consequence of its failure, MetroPCS cites *R&R Sails, Incorporated v. Insurance Company of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012), seeking an alternative sanction to the exclusion of its evidence. Plt. Opposition at 5:3-7. In *R&R Sails*, the Ninth Circuit held that, when a district court excludes case-dispositive evidence under Rule 37(c)(1), it should consider whether the claimed noncompliance involved willfulness, fault, or bad faith and should consider lesser sanctions. *R&R Sails*, 673 F.3d at 1247. However, in *R&R Sails*, the noncompliant party *formally moved* the district court, seeking lesser Rule 37(c)(1) sanctions. *Id.* at 1245. And the Court has since clarified that a formal motion for lesser sanctions is a necessary prerequisite for considering whether that lesser sanction is warranted. *Merchant*, 993 F.3d at 742. Because MetroPCS has thus far failed to move for a lesser sanction (and because MetroPCS's failure to disclose was willful in any event, *see* Section II.B, *supra*), the Court should exclude the evidence as directed by Rule 37(c)(1).

## VI. MetroPCS Completely Ignores Its Responsibilities to Litigate Its Case Efficiently and Conserve Judicial Resources.

MetroPCS devotes almost all of its opposition brief to its violations of Rule 26. MetroPCS addresses its violations of Local Civil Rule 7-3(a), (c) and (d) in a footnote. Plt.

Opposition at page 5, n.5.  These rules require the efficient litigation of summary judgments, protecting not only the parties' rights but also the efficient use of judicial resources, by requiring parties to present all of their evidence at once.  "A party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it.  Belated factual or legal attacks are viewed with great suspicion . . . ." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations and quotation marks omitted).

MetroPCS miscites *Willis v. Koning & Associates*, No. 21-cv-00819-BLF, 2023 WL 2541327 (N.D. Cal. Mar. 15, 2023), arguing that the CPUC cannot allege prejudice for the first time in a reply brief.  Plt. Opposition at p. 12, n.10.  However, the CPUC clearly alleged prejudice in its Motion to Strike, detailing how all of the documents at issue were not provided to the CPUC until after the Second Summary Judgment.  Motion to Strike at 1:24-3:7.  Moreover, a review of the facts and holding of this case strongly supports exclusion of late-filed evidence.  In *Willis*, this district court reviewed the requirements of Local Civil Rule 7-3 and found that a specific "declaration is new evidence that was improperly submitted for the first time on reply." *Willis,* 2023 WL 2541327, at *2.  In ordering the declaration stricken, the Court stated "[p]laintiff has not provided a good reason why the declaration was not submitted with his opening brief." *Id*.  Similarly, MetroPCS cannot provide a good reason why it did not submit its evidence in the previous summary judgment proceeding; this evidence should be stricken.

MetroPCS also argues, based on a misapplication of Rule 56(c)(2) of the Federal Rules of Civil Procedure, that its recently filed declarations must be admitted into the record, because the CPUC did not object pursuant to that rule.  Plt. Opposition at 5:18-23.  As is clear from its text, Rule 56(c)(2) only addresses objections that evidence "cannot be presented in a form that would be admissible in evidence."  That is plainly not the case here.

Striking the entirety of the Third Barnes Declaration would both preserve judicial resources and be the solution most fair to the CPUC.  MetroPCS also mischaracterizes the CPUC's motion as seeking to strike "all of MetroPCS's evidence," Plt. Opposition at 1:2-4; the CPUC Motion to Strike seeks to exclude only new evidence that the CPUC sought in discovery

that MetroPCS withheld through the first two motions for summary judgment proceedings and upon which it now relies in this third round of summary judgment. *See* Section I above and nn. 2-4.

## Conclusion

MetroPCS violated Rule 26 by failing to disclose documents the CPUC specifically sought in discovery, and by failing to disclose documents fundamental to its case. Moreover, its violation was willful, as evidenced by its concealment in 2020 and 2021 of its "Expected Cost Plus a Margin" methodology. MetroPCS' threadbare excuse for its failure is that its revenue allocation methodology was not at issue—even though revenue allocation is at the heart of its as-applied preemption claims. The Court should reject MetroPCS' attempt to litigate this case by surprise. The Motion to Strike should be granted.

Dated: April 25, 2023 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/　*Enrique Gallardo*
　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Enrique Gallardo

　　　　　　　　　　　　　　　　Attorney for the Defendant Commissioners of the California Public Utilities Commission