CHRISTINE J. HAMMOND (SBN 206768)
JONATHAN C. KOLTZ (SBN 268793)
ENRIQUE GALLARDO (SBN 191670)
DAVID W. FERMINO (SBN 154131)
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
Telephone: (415) 703-1420
Facsimile: (415) 703-2262
Email: Enrique.gallardo@cpuc.ca.gov

*Attorneys for Defendants Alice Busching Reynolds, Genevieve Shiroma, Darcie Houck, John Reynolds and, Karen Douglas in their official capacities as Commissioners of the Public Utilities Commission of the State of California*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

METROPCS CALIFORNIA, LLC,

Plaintiff,

vs.

MARYBEL BATJER, et al.,

Defendants.

Case No.: 3:17-cv-05959-JD

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH**

**Date of Deposition: May 24, 2023**

Courtroom: 11, 19th Floor
Before the Honorable James Donato

Complaint Filed: Oct. 17, 2017

Second Am. Complaint Filed: Jan. 19, 2018

## NOTICE OF MOTION

**To the Court, all parties and their counsel of record**:

Please that Defendants Alice Busching Reynolds, Genevieve Shiroma, Darcie Houck, John Reynolds, and Karen Douglas, in their official capacities as Commissioners of the California Public Utilities Commission ("CPUC"), will and do move this Court to quash the deposition subpoena issued by Plaintiff MetroPCS California, LLC ("MetroPCS") on Paul Chill, a non-party.

MetroPCS issued the subpoena on May 3, 2023, with the deposition scheduled for May 24, 2023 at 9:00 a.m., via video and stenographic means.[1] Because MetroPCS scheduled the deposition in this short time frame, the **CPUC respectfully request that this Court rule on this Motion by no later than May 18, 2023**. To that end, the CPUC files a motion to shorten time under Civil Local Rule 6-3(a)(4) alongside this Motion, and does not request oral argument on either Motion.

As discussed in the memorandum below, the subpoena should be quashed because it prejudices the CPUC's ability to defend itself against MetroPCS introducing new evidence to support its claims more than five years after the March 9, 2018 discovery cut-off date. MetroPCS seeks to depose Mr. Chill in order to establish the admissibility of a November 30, 2018 "Deloitte Study" that Mr. Chill helped prepare. Declaration of Enrique Gallardo in Support of Motion to Shorten Time ("Gallardo Decl."), ¶ 8. MetroPCS had more than four years to conduct this deposition, but only now seeks to do so on the eve of the two-day trial, which is scheduled for May 30-31, 2023.

////

////

---

[1] Pursuant to Federal Rule of Civil Procedure 26(c), Northern District of California Local Rule 37-1, and Judge James Donato's Standing Orders, the parties met and conferred on Friday, May 5, 2023, before the Commission filed this motion. Gallardo Decl., ¶ 7.

This motion, made pursuant to Federal Rule of Civil Procedure 45(c), is based on this notice, the attached memorandum of points and authorities, the accompanying Declaration of Enrique Gallardo in Support of Motion to Shorten Time and exhibits, the papers filed in this case, and on such oral argument as may be received by this Court.

Dated: May 8, 2023

Respectfully submitted,

By: /s/ *Enrique Gallardo*

Enrique Gallardo

Attorney for the Defendant Commissioners of the California Public Utilities Commission

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION .......... 1

TABLE OF AUTHORITIES .......... ii

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

Introduction .......... 1

Statement of Facts .......... 2

Argument .......... 3

I. The Subpoena Is Sought Over Five Years After Discovery Cut-Off, Is Untimely, and Should Be Quashed. .......... 3

II. MetroPCS Has No Good Cause for this Discovery Activity More than Five Years After Discovery Cut-Off. .......... 4

CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe Run Res. Corp. v. Hartford Accident & Indem. Co.,* No.: 21-CV-455-BEN-WVG, 2021 WL 2577144 (S.D. Cal. June 22, 2021) .......... 4

*Dreyer v. GACS, Inc.,* 204 F.R.D. 120, 122 (N.D. Ind. 2001) .......... 3

*Ghandi v. Police Dep't of Detroit,* 747 F.2d 338 (6th Cir. 1984) .......... 5

*Johnson v. Mammoth Recreations,* 975 F.2d 604 (9th Cir. 1992) .......... 4

*MedImmune, LLC v. PDL Biopharma, Inc.,* No. 08-5590, 2010 WL 1266770 (N.D. Cal. Apr. 1, 2010) .......... 3

*NSight, Inc. v. Peoplesoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807 (N.D. Cal. April 13, 2006) .......... 3

*Noyes v. Kelly Servs.,* 488 F.3d 1163 (9th Cir. 2007) .......... 4

*Puritan Inv. Corp v. ASLL Corp.,* No. Civ.A. 97–1580, 1997 WL 793569 (E.D. Penn. Dec. 9, 1997) .......... 5

*Sanchez v. Sterling Infosystems, Inc.,* No. 2:13-mc-0050-KJM-AC, 2013 WL 3772484 (E.D. Cal. July 16, 2013) .......... 4

*Sherwin-Williams Co. v. JB Collision Servs., Inc.,* No. 13-CV-1946-LAB(WVG); 13-CV-1947-LAB(WVG), 2015 WL 1119406 (S.D. Cal. Mar. 11, 2015) .......... 4, 5

*United States v. Proctor & Gamble Co.,* 356 U.S. 677 (1958) .......... 4

*Wimo Labs, LLC v. Polyconcepts N.A., Inc.,* 358 F.Supp.3d 761 (N.D. Ill. 2019) .......... 4

**Federal Rules and Regulations**

Federal Rule of Civil Procedure 16(b)(4) .......... 4

Federal Rule of Civil Procedure 26(a), (e) .......... 1

Federal Rule of Civil Procedure 37(c)(1) .......... 1

Federal Rule of Civil Procedure 45 .......... 1, 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Pursuant to Federal Rule of Civil Procedure 45(c), the CPUC hereby moves to quash MetroPCS' subpoenas issued from this Court on May 3, 2023 to Paul Chill, seeking a video deposition on May 24, 2023. A true and correct copy of the Subpoena that is the subject of this motion to quash is Exhibit "A" to the attached Declaration of Enrique Gallardo. The subpoena is clearly improper as fact discovery closed over five years ago, on March 18, 2023. It is unfairly prejudicial in that it diverts attorney resources, thereby interfering with critical trial preparation. This amounts to trial by ambush and should not be countenanced by this Court.

This deposition concerns a study performed by Deloitte ("Deloitte Study"); MetroPCS seeks to lay the foundation for admitting the Deloitte study as a business record under Fed. R. Evid. 803(6). Gallardo Decl., ¶ 8. This study is not new; it was conducted at MetroPCS's behest and completed in November 2018 and has been in MetroPCS's possession for more than four years. *Id*., ¶ 9. MetroPCS has had more than four years to try to conduct this deposition, but instead, three weeks before trial, seeks to shore up its case in clear violation of court-mandated discovery deadlines.

What's more, despite having possessed this study since 2018, MetroPCS admits that it did not disclose this document to the CPUC until January 25, 2022. [Dkt. 207-1] ("Karanjia Decl. ISO Oppos. to Strike"), ¶ 7 (*see* entry for Barnes Declaration, Exhibit AA). This improperly late disclosure was despite the fact that CPUC specifically sought documents described as "relevant policies and methodology for allocating revenue for its prepaid wireless service plans" in a discovery request on January 19, 2018. Gallardo Decl, ¶ 10 and Exh. B. Thus, MetroPCS also violated Federal Rule of Civil Procedure 26(a) and (e) in failing to disclose the Deloitte Study for over three years and should be excluded from use in trial pursuant to Federal Rule of Civil Procedure 37(c)(1).

The Deloitte Study is a document that MetroPCS claims establishes the basis for its "expected cost plus a margin" revenue allocation methodology. [Dkt. 201] ("Plt. 3rd MSJ") at 11:11-15, 11:22-12:5; thus the document was clearly responsive to the CPUC's discovery.

However, MetroPCS withheld this document from the CPUC for over three years, including on summary judgment, where the CPUC argued that MetroPCS' revenue allocation methodologies were unreasonable and unsubstantiated. [Dkt. 152] ("Second Summ. Judg. Order") at 8:19-23.

To allow Plaintiffs to continue formal discovery under guise of Rule 45 after the discovery deadline improperly lengthens the discovery process and prejudices the CPUC for having adhered to the discovery cut-off date. For each of these reasons, the CPUC moves Court to quash the subpoena.

**Statement of Facts**

MetroPCS first filed a Complaint on October 17, 2017 [Dkt. 1]. The operative complaint is the Second Amended Complaint, filed on January 19, 2018. [Dkt. 49].

The fact discovery cut-off date for this case was March 18, 2018. Gallardo Decl., ¶ 5. The expert discovery cut-off date was April 15, 2022. *Id*.

On January 18, 2018, the CPUC served on MetroPCS a Request for Documents specifically requesting a copy of all documents described as "relevant policies and methodology for allocating revenue for its prepaid wireless service plans." Gallardo Decl, ¶ 10 and Exh. B.

According to MetroPCS, to implement its new "expected cost plus a margin" revenue allocation methodology, "in early 2018 MetroPCS's parent company (T-Mobile) engaged Deloitte Advisory to conduct an independent, third-party analysis of (1) customer usage of components on T-Mobile's network and (2) the cost to maintain and improve the network to support voice, text, and data service traffic." Plt. 3rd MSJ at 11:13-14, 11:22-25. This work was conducted in the ensuing months, and the Deloitte Study was provided to T-Mobile and MetroPCS, with the document dated November 30, 2018. Gallardo Decl, ¶ 9.

This Court conducted a summary judgment proceeding from November 2020 through May 2021. During this summary judgment proceeding the CPUC argued that MetroPCS' as-applied preemption claim should be dismissed because its revenue allocation methodologies were unreasonable and unsubstantiated. Second Summ. Judg. Order at 8:19-23.

Even though the Deloitte Study was directly responsive to the CPUC's January 2018 discovery request, MetroPCS only disclosed the document to the CPUC on January 25, 2022, as MetroPCS' own declarant admits. [Dkt. 207-1] ("Karanjia Decl. ISO Oppos. to Strike"), ¶ 7 ("Exhibit AA").

On May 3, 2023, MetroPCS issued a deposition subpoena from this Court, seeking to depose Paul Chill via remote video on May 24, 2023. Gallardo Decl., ¶ 3 and Exh. A. According to MetroPCS' counsel, the purpose of this deposition is to establish the admissibility of the Deloitte Study as a business record. *Id*., ¶ 8.

## Argument

### I. The Subpoena Is Sought Over Five Years After Discovery Cut-Off, Is Untimely, and Should Be Quashed.

MetroPCS cannot bypass the discovery cut-off date by serving a non-party subpoena on Paul Chill after fact discovery has closed. This Court has held that Federal Rule of Civil Procedure 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period. *MedImmune, LLC v. PDL Biopharma, Inc*., No. 08-5590, 2010 WL 1266770, at *5 (N.D. Cal. Apr. 1, 2010), citing *Dreyer v. GACS, Inc*., 204 F.R.D. 120, 122 (N.D. Ind. 2001); *NSight, Inc. v. Peoplesoft, Inc*., No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807, at *3 (N.D. Cal. April 13, 2006) (motion to compel compliance with non-party subpoena denied without prejudice because untimely). Thus, Rule 45 subpoenas sought after the discovery cut-off "are improper attempts to obtain discovery beyond the discovery period." Fed. R. Civ. P. 45 (citing cases). It is inappropriate "[t]o allow a party to continue with formal discovery [ ] whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline . . ." *Dreyer*, 204 F.R.D. at 123.

Here, all discovery, except expert discovery, closed on March 18, 2018. Thus, the subpoena for the Chill deposition should be quashed, as it is attempted over five years after the discovery cut-off date.

## II. MetroPCS Has No Good Cause for this Discovery Activity More than Five Years After Discovery Cut-Off.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides "a district court's scheduling order may be modified upon a showing of 'good cause.'" *Noyes v. Kelly Servs*., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

A party seeking a modification of a Court's scheduling order faces a rigorous good cause standard. *Doe Run Res. Corp. v. Hartford Accident & Indem. Co*., No.: 21-CV-455-BEN-WVG, 2021 WL 2577144, at *2 (S.D. Cal. June 22, 2021) (granting motion to quash a deposition sought after discovery cut-off). Courts in this Circuit do not easily find good cause to allow discovery after the cut-off date. *See Sanchez v. Sterling Infosystems, Inc*., No. 2:13-mc-0050-KJM-AC, 2013 WL 3772484, at *3 (E.D. Cal. July 16, 2013) (where plaintiff served a deposition subpoena after the close of fact discovery and without leave of court, "there is no basis for plaintiff's position that a deposition is timely simply because the notice issues before discovery closes").

Discovery is not a game, but rather is a process designed to make a trial less a game of blindman's bluff and more a fair contest with basic issues and facts disclosed to the fullest practicable extent. *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682-83 (1958). The days of "trial by ambush" are long gone. *See Wimo Labs, LLC v. Polyconcepts N.A., Inc.,* 358 F.Supp.3d 761, 762 (N.D. Ill. 2019) (collecting cases).

The fact discovery cut-off date for this case was March 18, 2018. According to MetroPCS' counsel, the purpose of this deposition is to establish the admissibility of the Deloitte Study as a business record. MetroPCS has had custody of the Deloitte Study since November 30, 2018. Thus, MetroPCS waited more than four years, to the eve of trial, to establish the admissibility of this document. There is no good cause for MetroPCS "waiting

until the last minute to complete critical tasks, leaving themselves no time to react to new information . . . ." *Sherwin-Williams Co. v. JB Collision Servs., Inc*., No. 13-CV-1946-LAB(WVG); 13-CV-1947-LAB(WVG), 2015 WL 1119406, at *12 (S.D. Cal. Mar. 11, 2015) (denying defendants' *ex parte* application to modify discovery deadlines and rejecting argument that "by the time [defendants] learned of the removal of the paint samples, it was too late to issue a subpoena because fact discovery closed on November 7, 2014").

In any case, a party may not use a trial subpoena to secure documents involving information known to them during discovery, as MetroPCS attempts here. "Trial subpoenas may not be used, however, as means to engage in discovery after the discovery deadline has passed." *Puritan Inv. Corp v. ASLL Corp*., No. Civ.A. 97–1580, 1997 WL 793569, at *1 (E.D. Penn. Dec. 9, 1997) (granting motion to quash subpoena); *see also Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354-55 (6th Cir. 1984) (affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery).

MetroPCS cannot demonstrate good cause for it attempt at discovery more than five years after the discovery cut-off date.

## CONCLUSION

For the reasons stated above, the CPUC respectfully requests that the Court grant the CPUC's Motion to Quash.

Dated: May 8, 2023

Respectfully submitted,

CHRISTINE J. HAMMOND
JONATHAN C. KOLTZ
ENRIQUE GALLARDO
DAVID W. FERMINO

By: /s/ *Enrique Gallardo*
Enrique Gallardo

Attorney for the California Public Utilities Commission, Defendant