1  Peter Karanjia (admitted *pro hac vice*)
   DLA PIPER LLP (US)
2  500 8th Street, NW
   Washington, D.C. 20004
3  Telephone:    (202) 799-4135
   Email:        peter.karanjia@dlapiper.com
4
   Melanie Walker (CA State Bar No. 336994)
5  DLA PIPER LLP (US)
   2000 Avenue of the Stars, Suite 400 North Tower
6  Los Angeles, California 90067
   Telephone:    (312) 368-4000
7  Email:        melanie.walker@us.dlapiper.com

8  Martin L. Fineman (CA State Bar No. 104413)
   Geoffrey S. Brounell (admitted *pro hac vice*)
9  DAVIS WRIGHT TREMAINE LLP
   50 California Street, Suite 2300
10 San Francisco, California 94111
   Telephone:    (415) 276-6500
11 Email:        martinfineman@dwt.com
                 geoffreybrounell@dwt.com
12
   Attorneys for Plaintiff
13 MetroPCS California, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| METROPCS CALIFORNIA, LLC, | Case No. 3:17-cv-05959-JD |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO REQUEST PARTIAL RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART THE CPUC'S MOTION IN LIMINE** |
| v. | |
| ALICE B. REYNOLDS, President of the California Public Utilities Commission, in her official capacity; KAREN DOUGLAS, Commissioner of the California Public Utilities Commission, in her official capacity; DARCIE L. HOUCK, Commissioner of the California Public Utilities Commission, in her official capacity; JOHN REYNOLDS, Commissioner of the California Public Utilities Commission, in his official capacity; and GENEVIEVE SHIROMA, Commissioner of the California Public Utilities Commission, in her official capacity, | Place:    Courtroom 11, 19th Floor<br><br>Before the Honorable James Donato<br><br>Complaint Filed: Oct. 17, 2017<br>Second Am. Complaint Filed: Jan. 19, 2018<br>Reserved Trial Date: May 30, 2023 |
| Defendants. | |

Pursuant to Local Rule 7-9, MetroPCS respectfully requests leave to file a motion for partial reconsideration of this Court's May 24, 2023 Order, ECF No. 224 (the "Order"), granting in part the CPUC's May 22, 2023 motion in limine, ECF No. 220 (the "MIL"). As discussed below, this pertains to only a single exhibit on MetroPCS's Trial Exhibits List (Exhibit 66).

Local Rule 7-9(b) provides that a party seeking leave to file a motion for reconsideration "must specifically show reasonable diligence in bringing the motion" and one of three bases for the motion, including "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Leave is warranted here because the CPUC neglected to alert the Court to material facts when making its MIL, MetroPCS did not have an opportunity to file an opposition or present argument before the Court entered its Order, and the Court issued its Order without the benefit of considering material facts and dispositive legal arguments. Further, MetroPCS has been reasonably diligent in bringing this motion by filing it two days after the court entered its Order.

After 5:00 p.m. on May 22, 2023, the CPUC filed a motion in limine seeking to exclude several categories of evidence based on the assertion that MetroPCS had not timely disclosed the evidence. Two day later (in the morning of May 24), the Court held a pretrial conference in which it considered the CPUC's motion and issued an oral ruling granting the motion in part. Later the same day, the Court entered its written Order memorializing that ruling. The Court largely denied the CPUC's MIL, but granted it in part by excluding from evidence at the upcoming bench trial "documents that were first disclosed to the CPUC on or after March 21, 2023." Order at 1. The documents excluded under the Court's order include (i) data reflecting MetroPCS's revenues, as well as (ii) documents that MetroPCS provided to Deloitte for its 2018 study, (iii) exhibits previously attached to a declaration filed by MetroPCS witness John Barnes, and (iv) other MetroPCS records. MetroPCS seeks leave to move for reconsideration solely of the *limited portion* of the Court's Order excluding MetroPCS's revenues data—*i.e.*, only a *single exhibit* (Exhibit 66 on MetroPCS's Trial Exhibits List), which falls under the first sub-category identified above.

In its proposed motion for limited reconsideration, MetroPCS intends to draw the Court's attention to material facts that the CPUC neglected to bring to the Court's attention in its MIL, but

which MetroPCS would have raised in a written opposition and oral argument on the motion. First, the CPUC omitted any mention of the fact that MetroPCS's initial disclosures informed the CPUC that MetroPCS may rely on its responses to data requests issued to MetroPCS by the CPUC staff,[1] which included extensive MetroPCS revenues data that overlaps in large part with the data MetroPCS sought to introduce, yet the CPUC's document requests never requested production of those documents.[2] Further, and for the same reasons, the CPUC would not be prejudiced by introduction of the revenues data subject to the Order. For ***more than five years***, the CPUC has had in its possession MetroPCS's extensive revenues data as a result of an audit the CPUC conducted of MetroPCS for calendar year 2017 (the first year at issue in this case).[3] Moreover, a demand letter that the CPUC sent to MetroPCS *more than two years ago* (in October 2020) both acknowledges MetroPCS's filings with the CPUC reporting its revenues and includes summaries of those revenues for both 2017 and 2018.[4] The CPUC did not identify what it could or would have done differently if it had access to the revenues data subject to the Court's Order at an earlier date; the CPUC has had similar data in its possession ***for many years***.

Second, MetroPCS intends to show the Court that its disclosure of revenues data fully complied with the Federal Rules. Under Federal Rule of Civil Procedure 26(a)(3)(B), pretrial disclosures—including identification of documents the party expects to offer at trial—"must be made at least 30 days before trial." The CPUC admits that MetroPCS disclosed the revenues data subject to the Order more than two months before trial. *See* MIL at 1-2, 3-4. This was more than sufficient under the Federal Rules.

---

[1] *See* ECF No. 207-1, Ex. 1 at 4 (Category 7 of MetroPCS's Initial Disclosures, identifying category of "MetroPCS's submissions to the CPUC in response to the CPUC's data requests concerning," *inter alia*, "MetroPCS's assessment of surcharges on its prepaid wireless service.").

[2] *See* ECF No. 220-3, Ex. B at 2 (failing to request documents responsive to Category 7, while requesting documents responsive to other identified Categories).

[3] *See* ECF No. 201-1, Ex. V at 9 (CPUC's 2017 audit report, dated October 31, 2019, acknowledging that CPUC auditors reviewed, among other things, MetroPCS's revenues reporting filings in CPUC's "TUFFS" system, and "[c]alculation of 2017 intrastate revenue and detailed build-up to support the calculation," and "MetroPCS internal accounting reports").

[4] *See* ECF No. 142 at 2-3 (CPUC demand letter to MetroPCS, dated October 16, 2020, stating amounts of "total revenue" that "MetroPCS reported in TUFFS" in 2017 and 2018).

Third, MetroPCS intends to show the Court that—even if there were any violation of the discovery or disclosure rules (which there was not)—it did not involve willfulness, fault, or bad faith by MetroPCS. *See* Plaintiff's Opp. to MTS at 8, 13, ECF No. 207.

For these reasons, leave under Rule 7-9 is warranted to allow MetroPCS to file a motion for partial reconsideration *limited to* the revenues data that it seeks to introduce (*i.e.*, Exhibit 66 on MetroPCS's Trial Exhibits List).

For the foregoing reasons, MetroPCS respectfully requests that this Court grant MetroPCS's motion for leave to file a motion for partial reconsideration of the Court's Order.

DATED this 26th day of May, 2023.

                                         Respectfully submitted,

                                         DLA PIPER LLP (US)

                                         By:   /s Peter Karanjia
                                                  Peter Karanjia

                                         Attorneys for Plaintiff MetroPCS California, LLC